NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GRANT MANDIGORA and NEZILE MTHEMBU,<br><br>Plaintiffs,<br><br>v.<br><br>THE AMERICAN BOARD OF PEDIATRICS, INC., DR. GLADIBEL MEDINA, and THE UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES<br><br>Defendants. | Civil Action No. 25-14682<br><br>**OPINION AND ORDER DISMISSING MOTION FOR PRELIMINARY INJUNCTION AND TERMINATING CASE**<br><br>August 19, 2025 |

**SEMPER**, District Judge.

**THIS MATTER** comes before the Court on Plaintiffs Grant Mandigora and Nezile Mthembu's Emergency Motion for Preliminary Injunction ("Motion" or "Mot.") seeking declaratory and injunctive relief against Defendants the American Board of Pediatrics, Inc. ("ABP"), Dr. Gladibel Medina ("Dr. Medina"), and the United States Department of Health and Human Services ("DHHS"). The Court has decided this motion upon Plaintiffs' submissions, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiffs' Motion is **DENIED** and this case is **TERMINATED**.

**WHEREAS** on August 15, 2025, Plaintiffs, parents of a minor child referred to as "A.M." in their filings, filed the instant Motion, as well as a Complaint and attendant documents, seeking declaratory and injunctive relief against Defendants related to a state child welfare proceeding in which the State of New Jersey has separated the child from the parents. (*See generally* Mot.; *see also* Complaint, "Compl.") Specifically, Plaintiffs ask this Court to: (1) enjoin ABP and Dr.

Medina "from offering, relying upon, or permitting reliance upon Dr. Medina's 'Medical Child Abuse' opinions or her American Board of Pediatrics certification in any proceedings affecting Plaintiffs," and prohibit the use of Dr. Medina's ABP credentials "to support potentially unconstitutional state action without lawful evidentiary review;" (2) enjoin DHHS and its subordinate organization the Administration for Children and Families ("ACF") "from continuing to approve or disburse Title IV-B or IV-E funds to the State of New Jersey for actions that fail to meet the requirements of 42 U.S.C. § 671(a)(15), 42 U.S.C. § 675(5), and 45 C.F.R. §§ 1356.21(b)(2), 1356.60(c)(3), including removal without adjudicated findings of abuse or neglect, unlawful reunification conditions, and missed permanency deadlines;" and (3) enjoin "the enforcement or implementation of any order, policy, or practice that separates Plaintiffs from their minor child absent adjudicated findings of abuse or neglect made in compliance with federal law, including 42 U.S.C. § 671(a)(15) and 45 C.F.R. § 1356.21;" (Mot. at 23-24) and

WHEREAS Plaintiffs allege that on August 17, 2024, the New Jersey Division of Child Protection and Permanency ("DCPP") removed the child from Plaintiffs' custody without an adjudicated finding of abuse or neglect, in violation of federal regulations and law. (*Id*. at 8.) Plaintiffs further allege that in June 2025, about ten months after the initial separation, Dr. Medina entered the case as a state-contracted Child Abuse Pediatrician and diagnosed the child with "Medical Child Abuse," a condition which Plaintiffs claim was not validly diagnosed. (*Id*.) Plaintiffs also allege that the DCPP has used this diagnosis as a basis to continue the separation of the child from the parents. (*Id*.); and

WHEREAS Plaintiffs are engaged in ongoing litigation in New Jersey Family Court. (*See generally* Appendix to Plaintiffs' Motion for Preliminary Injunction, Exs. D, E, J, K, L.) Plaintiffs

assert, without support, that New Jersey Family Court is unable to adequately address their federal claims; and

**WHEREAS** injunctive relief is an "extraordinary remedy and should be granted only in limited circumstances." *Kos Pharmaceuticals, Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). The Court may grant an injunction only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Arrowpoint Capital Corp. v. Arrowpoint Asset Management, LLC*, 793 F.3d 313, 318 (3d Cir. 2015). A party must produce sufficient evidence of all four factors, and the Court must weigh them prior to granting injunctive relief. *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994). However, "a movant for preliminary equitable relief must meet the threshold for the first two 'most critical' factors: it must demonstrate that it can win on the merits (which requires a showing significantly better than negligible but not necessarily more likely than not) and that it is more likely than not to suffer irreparable harm in the absence of preliminary relief. If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Riley v. Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017); and

**WHEREAS** federal courts are courts of limited jurisdiction. *See* U.S. Const. Art. III. "In certain circumstances, district courts must abstain from exercising jurisdiction over a particular claim where resolution of that claim in federal court would offend principles of comity by interfering with an ongoing state proceeding." *Lazaridis v. Wehmer,* 591 F.3d 666, 670 (3d Cir. 2010); and

**WHEREAS** in this case, the Court is bound to abstain from issuing a ruling that would interfere with the underlying state case by the doctrine articulate by the Supreme Court in *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* abstention is appropriate where, as here: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Wattie-Bey v. Att'y Gen.'s Off.*, 424 F. App'x 95, 97 (3d Cir. 2011) (affirming the district court's dismissal of the action under *Younger* abstention in a case in which parents of a minor child sought prospective injunctive and declaratory relief from a federal court that would have interfered with underlying state proceeding). Here, Plaintiffs are currently engaged in ongoing state proceedings in New Jersey Family Court. "Family relations are a traditional area of state concern." *Moore v. Sims,* 442 U.S. 415, 435 (1979). Plaintiffs assert that the New Jersey state courts are unable to address their federal claims, but in support of this assertion they offer evidence that the state courts have heard and denied their interlocutory appeals. (Compl. ¶¶ 15-18.) Plaintiffs also assert that they have been subjected to bias in the state court proceedings, but they do not point the Court to any alleged conduct or omission that could suggest the actual presence of bias. (Compl. ¶ 19.) On this thin record, the Court cannot assume jurisdiction over this case and interfere with the functions of the New Jersey state government. The state appellate process remains open to Plaintiffs should they wish to challenge any order or finding of the New Jersey Family Court.

Accordingly, Plaintiffs' Emergency Motion for Preliminary Injunction is **DENIED** and this this action is hereby **ADMINISTRATIVELY TERMINATED** effective today, August 19, 2025. The Clerk is directed to close this case. **SO ORDERED**.

/s/ Jamel K. Semper
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Cathy L. Waldor, U.S.M.J.
        Parties